**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | | |
|---|---|---|
| Scott Avant, | ) | Civil Action No.: 3:20-cv-01884-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Ahern Rentals, | ) | |
| | ) | |
| Defendant. | ) | |

Before the court is Ahern Rental's ("Defendant") Motion for Summary Judgment (ECF No. 48). Scott Avant ("Plaintiff") a mechanic hired to perform repairs on Defendant's "low boy trailer," was crushed and severely injured when the trailer collapsed onto him while he attempted to repair its brakes. For the reasons below, the court **DENIES** Defendant's Motion for Summary Judgment (*Id.*).

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges the collapse was triggered by the failure of the trailer's hydraulic system, and that Defendant negligently maintained the system. (ECF Nos. 1-1 at 3; ECF No. 51 at 7.) Plaintiff argues it was Defendant's employees who negligently instructed him, on a prior occasion, to elevate the trailer using the hydraulic system. (ECF No. 51 at 1.) And on the day of the accident, it was Defendant's employees who lifted the trailer using the hydraulic system before Plaintiff crawled underneath. (*Id.*) Plaintiff contends Defendants never indicated he needed to use any kind of structure to support the hydraulic system. Unfamiliar with the use of hydraulics (ECF No. 1-1 at 3), Plaintiff relied on their representation. (ECF No. 51 at 7.) Yet, Plaintiff claims the trailer was not completely unsupported, because he and another coworker used the removed tires of the trailer as a makeshift blocking device. (*Id.* at 6.) Plaintiff argues this structure provided at

1

least some support when the trailer collapsed, and it was the only reason he survived the accident. (*Id.* at 12.) At bottom, Plaintiff argues that because the collapse of the equipment was a foreseeable consequence of Defendant's failure to maintain it, and because Defendant's employees failed to instruct Plaintiff in proper safety measures when working on the trailer, summary judgment is improper. (*Id.* at 17-18.)

Defendant counters that Plaintiff's injury was proximately caused by his own failure to adequately support the trailer with jacks or wooden blocks. (ECF No. 48-1 at 1-2.) Regardless of the factual disputes surrounding the maintenance of the trailer, Defendant claims the only issue in this case is Plaintiff's own failure to put up a support structure before he dove under the trailer. (*Id.* at 3.) Plaintiff's deposition testimony indicates Plaintiff knew standard industry practice required the use of jacks or blocking devices while servicing the undercarriage of heavy equipment. (*Id.*) Defendant argues Plaintiff's extensive "professional knowledge and experience" show he understood the safety risks of working underneath the unsupported trailer. (*Id.* at 8.) Yet, Plaintiff deliberately chose to ignore these risks to "take a shortcut." (*Id.* at 9.) Defendant concludes "only one reasonable inference" can be made: Plaintiff's negligence eclipsed that of Defendant, and therefore Plaintiff's claims cannot survive summary judgment. (*Id.* at 12.)

Defendant provides numerous owner's manuals which highlight the dangers of using improper supports to lift the equipment. (*Id.* at 10-11). Defendant argues Plaintiff never requested these manuals prior to beginning work on the trailer and failed to heed their warnings. (*Id.*) Plaintiff responds that it was Defendant's duty, as the owner of the equipment, to provide these manuals and properly instruct Plaintiff on the safe use of Defendant's equipment. (ECF No. 51 at 14-15.)

Finally, Defendant argues Plaintiff's failure to support the trailer amounted to an unforeseeable "intervening cause" of his injury (*Id.* at 2), for which Defendant cannot be liable. Defendant cites several cases which held the failure to take precautions against known dangers to be an intervening cause of the injury. (ECF No. 48-1 at 14-15.)

Plaintiff objects that the failure to use a blocking device on the truck cannot be an unforeseeable intervening cause of the accident when it was Defendant's own employees who instructed and supervised Plaintiff's use of the trailer and indeed, lifted the trailer using the hydraulics to allow Plaintiff to access the undercarriage. (ECF No. 51 at 15-16.) Based on Defendant's conduct, Plaintiff avers it was reasonable for him to conclude "blocking and cribbing [was] not required for [this] trailer." (*Id.* at 11.) Plaintiff argues Defendant's motion overlooks these facts and therefore misses the mark.[1]

## II.     LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248-49 (1986). A genuine question of material fact exists where, after reviewing the record as a whole, the court finds that a reasonable jury could return a verdict for the non-moving party. *Newport News Holdings Corp. v. Virtual City Vision, Inc.*, 650 F.3d 423, 434 (4th Cir. 2011).

---

[1] Plaintiff also appears to argue that in response to this court's order, Defendant turned over 12,700 pages of records only ten (10) days before filing its Motion for Summary Judgment. Plaintiff contends Defendant did not provide these materials to Plaintiff's expert witness, and much of the expert testimony relied upon in Defendant's motion was formed without giving the expert witness an adequate opportunity to examine these records.

3

When ruling on a summary judgment motion, a court must view the evidence in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 124 (4th Cir. 1990). The non-moving party may not oppose a summary judgment motion with mere allegations or denial of the movant's pleading, but instead must "set forth specific facts" demonstrating a genuine issue for trial. Fed. R. Civ. P. 56(c) (1); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Anderson*, 477 U.S. at 256. All that is required to survive summary judgment is that "sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Anderson*, 477 U.S. at 249. Indeed, summary judgment is not appropriate where further inquiry into the facts of the case is desirable to clarify the application of the law. *Tupper v. Dorchester Cty.*, 326 S.C. 318, 325 (1997) (citing *Baugus v. Wessinger*, 303 S.C. 412 (1991); *Standard Fire Ins. Co. v. Marine Contracting & Towing Co.*, 301 S.C. 418 (1990)).

### III.     ANALYSIS

To prevail on a negligence claim in South Carolina, a plaintiff must establish (1) the defendant owed the plaintiff a duty of care; (2) the defendant breached the duty; (3) the breach was an actual or proximate cause of the plaintiff's injury; and (4) the breach resulted in injury to the plaintiff. *Madison v. Babcock Ctr., Inc.*, 638 S.E.2d 650, 656 (S.C. 2006). South Carolina applies the doctrine of comparative negligence, such that "a plaintiff may only recover damages if his own negligence is not greater than that of the defendant." *Bloom v. Ravoira*, 339 S.C. 417, 422 (2000) (citing *Nelson v. Concrete Supply Co.*, 303 S.C. 243 (1991)). While the apportionment of fault normally falls within the jury's province, a trial court may "determine judgment as a matter of law if the sole reasonable inference which may be drawn from the evidence is that the plaintiff's negligence exceeded fifty percent." *Bloom*, 339 S.C. 417, 422 (2000) (citing *Creech v. S. C.*

4

*Wildlife & Marine Resources Dep't*, 328 S.C. 24, 32 (1997)). Because this threshold is seldom surpassed, "summary judgment is generally not appropriate in a comparative negligence case." *Id.*

Here, Defendant urges the court to grant summary judgment in its favor, claiming that due to Plaintiff's failure to take rudimentary safety precautions, no reasonable jury could find Defendant's negligence exceeded fifty (50) percent. This case, Defendant claims, is different from the typical comparative negligence case. (ECF No. 48-1 at 1-2.) The court disagrees.

Taken in the light most favorable to Plaintiff, the facts of this case do not establish unequivocally that Plaintiff bore more than fifty (50) percent of fault for the accident. On the contrary, significant factual disputes must be resolved by a jury, which could, in the court's view, "reach many different conclusions regarding the relative fault of the parties." *Creech v. S.C. Wildlife & Marine Res. Dep't*, 328 S.C. 24, 32–33 (1997). Summary judgment is therefore improper at this stage.

1. **Defendant's negligence**

Defendant relies heavily on Plaintiff's failure to take adequate safety precautions and contends the doctrine of comparative negligence bars Plaintiff's claim. (ECF No. 48-1 at 6-12.) Plaintiff's extensive experience and training as a heavy equipment mechanic, Defendant argues, apprised him of the dangers of working underneath large trailers without proper support. (*Id.* at 8.) On the date of the accident, Defendant argues that multiple safety measures, including jacks, jack stands, and wooden blocks were available for Plaintiff's use. (*Id.* at 8-9.) But Plaintiff disregarded his own experience and years of training when he failed to use them. (*Id.* at 8.) Front-and-center in Defendant's Motion is the admission of Plaintiff's own expert witness, conceding that "no individual, technician, [or] mechanic . . . should get under any vehicle, including this vehicle, relying solely on . . . hydraulic dovetail or even a hydraulic jack . . . without cribbing, jack

5

stands or some other mechanical safety support" as a stopgap measure in case the trailer's hydraulic system failed. (*Id.* at 1.) But while Defendant emphasizes these facts, they are not in dispute. Plaintiff concedes he bears at least part of the blame for the accident and argues instead that the principal issue in this case is the apportionment of fault between the parties. And in light of substantial issues of fact that remain in this case, the court agrees it must be decided by a jury.

South Carolina courts traditionally refrain from granting summary judgment on the issue of comparative negligence. *Graham v. Bassett Furniture Indus., Inc.*, No. 4:05-cv-02895-TLW, 2010 WL 4386941, at *3 (D.S.C. Oct. 29, 2010). As a practical matter, summary judgment is granted only where the undisputed facts indicate no negligence on Defendant's part. The seminal case cited by Defendant, *Bloom v. Ravoira*, underscores this notion. The undisputed facts in that case provided no evidence of *any* fault by the defendant. *Bloom*, 339 S.C. at 424. The Supreme Court of South Carolina emphasized the Defendant "was driving no more than 25 m.p.h. and was not driving recklessly." *Id.* The evidence established his eyes were on the road and he was not distracted. His lights and windshield wipers were on. By contrast, the plaintiff's own admissions showed "he breached his duties as a pedestrian." *Id.* at 423. His admitted failure to look left, right and left again before crossing between cars, away from a crosswalk, while wearing dark clothes on a dark and rainy night effectively led him to run into defendant's car. *Id.* The critical issue in *Bloom* was the absence of proof showing the defendant breached any duty to the plaintiff. *Bloom*, therefore, presents a special set of circumstances.

In a recent decision, this court considered a scenario very similar to *Bloom*, except that the record contained some evidence of negligence attributable to the defendant. *See Littrell guardian of Littrell v. Landmark Builders of S.C., LLC*, No. 2:19-cv-0637-DCN, 2021 WL 795579, at *5 (D.S.C. Mar. 2, 2021). There too, the plaintiff pedestrian breached certain well-established duties

6

by crossing a street "late at night without the benefit of a traffic light or crosswalk," and possibly under the influence of alcohol and drugs. Yet, the court distinguished *Bloom* because the record contained evidence that the defendant had placed a sign prompting pedestrians to cross in the middle of the street. *Id.* at *5. The court emphasized "the record in *Bloom* contained no evidence of any fault on the part of the defendant—the driver of the vehicle." *Bloom*, 339 S.C. at 424. But with evidence of negligence by both parties, the court held it could not usurp the role of the jury and weigh fault as a matter of law.[2] *Id.*

This court again expressed reluctance in granting summary judgment on the issue of contributory negligence in *Springs on behalf of C.S. v. Waffle House, Inc.*, No. 3:18-CV-03516-JMC, 2021 WL 638816, at *6 (D.S.C. Feb. 18, 2021), *reconsideration denied*, No. 3:18-CV-03516-JMC, 2021 WL 1634342 (D.S.C. Apr. 27, 2021). There, the plaintiffs averred the defendant's employees had negligently placed a hot drink within the reach of their young child. The defendant presented evidence that the child was not properly restrained and secured in his highchair and Plaintiffs failed to move the cups despite knowing where they were placed. *Id.* Where facts indicated possible fault by both parties, the court found "a reasonable jury could find that Plaintiffs'

---

[2] Other South Carolina cases provided additional support for the *Littrell* court's conclusion. The court relied on *Hopson v. Clary*, 468 S.E.2d 305, 307 (S.C. Ct. App. 1996) and *Estate of Haley ex rel. Haley v. Brown*, 634 S.E.2d 62, 63 (S.C. Ct. App. 2006) to find summary judgment was proper on the issue of comparative negligence when the record contained only evidence of Plaintiff's negligence. *Littrell*, No. 2:19-cv-0637-DCN, 2021 WL 795579, at *5. For instance, in *Hopson* "the plaintiff attempted a U-turn, and her vehicle was struck by the defendant's vehicle. Similar to the court in Bloom, the court in *Hopson* found that the plaintiff 'simply failed to present any evidence establishing negligence on the part of' the defendant, despite her contentions that he had been speeding and crossed a yellow line. The only evidence on the record in *Hopson* tended to show that the plaintiff 'attempted an inherently precarious maneuver without ascertaining whether she could do so safely.' As such, the court found that the plaintiff's own negligence exceeded any negligence attributable to the defendant as a matter of law." *Id.* (citing *Hopson*, 468 S.E.2d at 308)."

negligence did not exceed fifty (50) percent . . . [and] summary judgment [was] precluded on this ground." *Id.*

Even where the defendant's purported negligent acts were remote in time and place, this court has determined summary judgment is improper. In *Graham v. Bassett Furniture Indus., Inc.*, No. 4:05-CV-02895-TLW, 2010 WL 4386941 (D.S.C. Oct. 29, 2010), this court decided a jury question existed "regarding the percentage of fault that may be attributed to the plaintiffs based on the conduct in which the defendant [] asserts the plaintiffs engaged." *Id.* at *3. Plaintiffs alleged the defendant failed to follow proper procedures before shutting off their electricity due to nonpayment. The defendant countered that plaintiffs' negligence exceeded fifty (50) percent as a matter of law, because they were directly responsible for the events which caused and exacerbated the fire: they failed "to extinguish the candles before falling asleep, [used] wall sconces, [placed] the bed in front of the window in the bedroom, and [placed] the couch and/or other flammable objects below the candles." *Id.* at *3. But there too, this court determined factual issues remained "regarding the degree of negligence attributable to each of the parties in [the] case." *Id.* Therefore, the court again denied summary judgment for the defendants. *Id.*

Finally, the Supreme Court of South Carolina's decision in *Roddey v. Wal-Mart Stores E., LP*, 415 S.C. 580 (2016) underscores that where employees of the defendant instructed the plaintiff to pursue a shoplifting suspect contrary to defendant's own written policies, there was sufficient evidence on the record to permit a jury to find defendant more than fifty (50) percent at fault. The record indicated defendant's "employees either instructed [plaintiff] to act in violation of [the defendant's] policies or acquiesced in [plaintiff's] improper pursuit of [the shoplifting suspects]." *Id.* at 589-90. Despite plaintiff's own negligent conduct and failure to follow his employer's

8

written policies, the court found it was "improper to speculate" in assigning fault as a matter of law. *Id.* at 592 n. 4.

Where South Carolina courts have granted summary judgment on the comparative negligence issue, defendants satisfied a significant threshold, showing both their lack of negligence and even additional preventative measures and other precautions taken to prevent harm. *Neal v. Ashleigh Place, Inc.*, No. 2005-UP-190, 2005 WL 7083559, at *3 (S.C. Ct. App. Mar. 14, 2005) is instructive. There, a father sued a juvenile facility after his daughter stole a staff member's car keys and car and subsequently died in a single-car accident. The plaintiff's daughter had stolen a car from a staff member in the same institution once before, but the court found the defendant facility acted properly in instituting preventative measures after the incident. The court determined defendant "took several precautions to prevent Francesca from obtaining car keys: [it] made Francesca wear a suit without pockets and stored the keys in a locked office that Francesca was not permitted to enter. Thus, [the defendant] was not negligent in its efforts to prevent Francesca from stealing a car and the trial court did not err by granting [its] motion for summary judgment." *Id.* at *3.

Here, the court finds substantial issues of fact prevent the entry of summary judgment. Plaintiff has put forth numerous allegations of negligence by Defendant's employees. Plaintiff contends Defendant's employees instructed him how to elevate the trailer using the hydraulic system and assured him it was safe to do so. Plaintiff was not hired to work on the hydraulic system and had never worked on this trailer before. Another mechanic on the lot affirmed Plaintiff's version of the facts in his deposition. He testified that there was no operating manual in the truck. He acknowledged the hydraulic system was poorly maintained, which increased the likelihood of collapse while the trailer was lifted. Defendant's former branch manager additionally

9

testified that his employees knew to use blocking underneath the trailer when working on the undercarriage. (ECF No. 48-1 at 17.) Contravening this policy, Defendant's employees did not convey this rule to Plaintiff, who relied on them to operate this particular piece of equipment. While Plaintiff's actions certainly indicate he bears some portion of the fault, it is not for this court to determine this share as a matter of law. South Carolina law leaves this determination for the jury. Therefore, the court finds summary judgment is improper at this stage.

### 2. Foreseeability of Plaintiff's negligence

Similarly, the court finds Defendant's argument regarding the unforeseeability of Plaintiff's actions insufficient. Because the facts in dispute purport Defendant's employees instructed Plaintiff to get underneath the truck without support, and that Defendant kept the trailer's hydraulic system in poor repair, the court cannot find, as a matter of law, that Plaintiff's failure to take precautionary measures was unforeseeable.

To establish the prima facia elements of negligence, a plaintiff "must show both causation in fact and legal cause." *Roddey*, 415 S.C. at 590 (citing *Oliver v. S.C. Dep't of Highways & Pub. Transp.,* 309 S.C. 313, 316, 422 S.E.2d 128, 130 (1992)). Causation in fact is proved by "establishing that the injury would not have occurred "but for" the defendant's negligence, and legal cause by establishing foreseeability." *Id.* (citing *Oliver,* 309 S.C. at 316, 422 S.E.2d at 130). Foreseeability, on the other hand, "is determined by looking at the natural and probable consequences of the complained of act, although it is not necessary to prove that a particular event or injury was foreseeable." *Id.* In particular, "the defendant's negligence does not have to be the sole proximate cause of the plaintiff's injury; instead, the plaintiff must prove the defendant's negligence was at least one of the proximate causes of the injury." *Id.*

Courts have not required plaintiffs to establish the defendants "specifically foresaw" the type of accident at issue. *J.T. Baggerly v. CSX Transp., Inc.*, 370 S.C. 362, 371 (2006). All that must be shown is "that it was foreseeable that respondents' act (or omission) could cause, or be a contributing cause to, [plaintiff's] injury." *Id.* As long as Defendant's conduct is a substantial factor in the harm, he need not have foreseen the manner in which it occurred. *Id.*

The cases on which Defendant relies are distinguishable from the facts at issue. Defendant cites this court's decision in *Humphrey v. Day & Zimmerman Int'l, Inc.*, 997 F. Supp. 2d 388, 391 (D.S.C. 2014), *aff'd sub nom. Humphrey v. Day & Zimmermann Int'l Inc.,* 589 F. App'x 135 (4th Cir. 2015), which found it was "not reasonably foreseeable that [the plaintiff] would attempt [perform repair work] without taking proper safety precautions in the face of a known hazard." *Id.* at 396. The nature of Defendant's alleged negligence, however, differs in these cases. While both involve a plaintiff who failed to take reasonable safety precautions, the defendant in *Humphrey* did not instruct Plaintiff to act in any particular manner. There, the plaintiff operated independently and made discrete choices regarding his use of safety equipment. Here, by contrast, a jury may find Plaintiff relied on Defendant's employees and their representations regarding the trailer's operation. In addition, Plaintiff and another witness testified they supported the trailer with tires before commencing work on the undercarriage. These tires, they claim, ultimately saved Plaintiff's life. These facts do not establish unequivocally that Plaintiff went under the trailer without *any* form of support. And where Defendant instructed Plaintiff to take a particular action, it is far from clear that Plaintiff's compliance with the instruction was unforeseeable. At this stage, therefore, genuine disputes of material fact preclude summary judgment. The court declines to find Plaintiff's failure to take adequate safety precautions unforeseeable as a matter of law.

11

## IV.     CONCLUSION

For the foregoing reasons, the court **DENIES** Defendant's Motion for Summary Judgment (ECF No. 48) because genuine disputes of material fact preclude an apportionment of fault as a matter of law.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

October 10, 2021
Columbia, South Carolina