# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Scott Avant, | Civil Action No.: 3:20-cv-01884-JMC |
|     Plaintiff, | **ORDER AND OPINION** |
| v. | |
| Ahern Rentals, Inc., | |
|     Defendant. | |

Before the court is Plaintiff's Motion in Limine to exclude the admission of his criminal record pursuant to Fed. R. Evid. 609(a)(1)(A) and (b)(1). (ECF No. 80.) Defendant Ahern Rentals has entered a Response in Opposition to the Motion (ECF No. 86), to which Plaintiff replied (ECF No. 87).

For the following reasons, the court **GRANTS IN PART and DENIES IN PART** Plaintiff's Motion in Limine (ECF No. 80) to exclude evidence of Plaintiff's criminal record as follows:

- **GRANTED** as to convictions that are more than ten (10) years old;

- **DENIED without prejudice** as to Plaintiff's convictions for receipt of stolen goods and breach of trust with fraudulent intent.

## I.    FACTUAL AND PROCEDURAL BACKGROUND[1]

Ahern, which is "North America's largest independently owned equipment rental company," "routinely hired" Southern Diesel Repair, LLC ("Southern Diesel") to complete "repairs on vehicles and trailers in Ahern's rental inventory." (ECF No. 1-1 at 2.) Plaintiff worked as a mechanic for Southern Diesel. *Id.* Ahern sought repairs on one of its "Trail King

---

[1] The following allegations are taken from the Complaint. (*See* ECF No. 1-1.)

1

manufactured 'low boy' trailer[s]" ("Trailer") but, because of a recent fire at Southern Diesel's garage, the repairs were to occur at "an unimproved lot consisting of dirt and gravel." (*Id.* at 2-3.) Ahern delivered the Trailer to the unimproved lot. (*Id.* at 3.) Although Plaintiff did not know how to position a jack under the Trailer due to its low height, an unnamed Ahern employee allegedly showed Plaintiff "how to elevate the [T]railer[] by depressing the back ramp into the ground, using the [T]railer's hydraulic system that was connected to the Ahern Rig." (*Id.*) Plaintiff later purportedly used this method to access the Trailer's undercarriage. (*Id.*) Unfortunately, the hydraulics failed and the Trailer collapsed on Plaintiff, causing him severe injuries. (*Id.* at 3-4.) Subsequently, Plaintiff filed suit against Ahern, alleging negligence for failing to properly maintain its equipment or warn of its failure. (*See id.* at 4-5.)

In the present action, Ahern gave notice of its intent to introduce Plaintiff's criminal record pursuant to Fed. R. Evid. 609(b)(2). (ECF No. 80 at 1.) Plaintiff contests the admission of his criminal record on the ground that almost every conviction therein occurred more than ten (10) years before the presumptive trial dates in this case, and, at any rate, that their admission is unfairly prejudicial. (*Id.*) The following criminal convictions, each of which are punishable by more than one year of imprisonment,[2] as required by Fed. R. Evid. 609(a)(1), are at issue:

---

[2] *See* S.C. Code Ann. §§ 6-13-180(C)(3) (2022) (receiving stolen goods); 16-13-230(B) (breach of trust with fraudulent intent); 16-1-20 (accessory after the fact to a felony); 6-13-30(B) (grand larceny); § 6-11-312(C) (burglary, second degree)

2

| Date of Conviction[3] | Crime of Conviction | Sentence |
|---|---|---|
| May 31, 2013 | 2 Counts: Receiving Stolen Goods, value $10,000 or more | 10 years, suspended to 18 months; 5 years probation |
| May 31, 2013 | Breach of Trust with Fraudulent Intent, value more than $2,000 but less than $10,0000 | 5 years, suspended to 18 months; 5 years probation |
| March 9, 2012 | Grand Larceny, value $5,000 or more | 5 years, suspended; 5 years probation[4] |
| November 9, 1994 | Burglary (Non-Violent) Second Degree | 5 years, suspended to 3 years; 3 years probation |
| September 28, 1993 | Accessory After the Fact to Felony | N/A |
| February 27, 1990 | Grand Larceny | Not presented on record |

(ECF Nos. 80 at 3; 86 at 2; 86-1.) Ahern argues first that Plaintiff's credibility is important both to issues of liability as well as damages. In this light, Ahern contends Plaintiff's relatively recent convictions for receiving stolen goods with a value of $10,000 or more and breach of trust with fraudulent intent must be admitted pursuant to Fed. R. Evid. 609(a)(1)(A), which requires the admission of criminal convictions against a non-defendant witness unless barred under the Rule 403 balancing test. (ECF No. 86 at 4.) As to the convictions which are older than ten (10) years,

---

[3] Plaintiff cites the date each offense was committed in summarizing his criminal record. (ECF No. 80 at 3.) The court agrees with Defendant that the proper date to be considered is the date of "conviction or release from confinement for it, whichever is later." Fed. R. Evid. 609(b). This table lists the applicable dates of conviction from Plaintiff's criminal record as provided by the parties.

[4] *See* Berkeley County Ninth Judicial Circuit Public Index, available at https://publicindex.sccourts.org/Berkeley/PublicIndex/PISearch.aspx (search by case number I732126, select "Sentencing" tab) (last visited June 20, 2022).

3

Ahern argues that Plaintiff has opened his entire criminal record up to scrutiny by being "untruthful about it" to various experts and other individuals charged with assessing the extent of his employability and future damages. (*Id*. at 4-7.) Plaintiff contests this characterization and states that any misrepresentation of his arrest history was unintentional. (ECF No. 87 at 2.) Plaintiff relies on the experts' conclusions that his inability to work as a diesel mechanic would foreclose future employment due to his severe intellectual and learning disabilities alone, rather than his criminal record. (*Id*. at 2-3.)

## II.     LEGAL STANDARD

"The purpose of a motion in limine is to allow a court to rule on evidentiary issues in advance of trial in order to avoid delay, ensure an even-handed and expeditious trial, and focus the issues the jury will consider." *Newkirk v. Enzor*, No. 2:13-1634-RMG, 2017 WL 823553, at *2 (D.S.C. 2017) (internal citations omitted). Pursuant to Federal Rule of Evidence 401, evidence is relevant if it has "any tendency" to make a fact of consequence to the issues in question "more or less probable than it would be without the evidence." Fed. R. Evid. 401. Federal Rule of Evidence 403 provides that evidence may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time or needless cumulative evidence. Fed. R. Evid. 403. Evidence should be construed in the "light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect." *United States v. Salazar*, 338 F. Appx 338, 343-44 (4th Cir. 2009) (citing *United States v. Simpson*, 910 F.2d 154, 157 (4th Cir. 1990)). Prejudicial evidence is excluded to protect the jury from drawing improper inferences. *Mullen v. Princess Anne Volunteer Fire Co.*, 853 F.2d 1130, 1134 (4th Cir. 1988) ("All relevant evidence is 'prejudicial' in the sense that it may prejudice the party against whom it is admitted. Rule 403, however, is concerned only with 'unfair'

prejudice. That is, the possibility that the evidence will excite the jury to make a decision on the basis of a factor unrelated to the issues properly before it.").

"Rule 609 of the Federal Rules of Evidence governs the admissibility of a prior conviction for impeachment purposes." *Henslee v. Singleton*, 714 Fed. App'x 271, 272 (4th Cir. 2018). The rule *requires* the admission of criminal convictions punishable by death or by imprisonment for more than one year subject to Fed. R. Evid. 403. Fed. R. Evid. 609(a)(1)(A) (emphasis added). This "implicitly assum[es] . . . that prior felony convictions have probative value." *Henslee*, 714 Fed. App'x at 272 (quoting *Knight ex rel. Kerr v. Miami-Dade Cty.*, 856 F.3d 795, 817 (11th Cir. 2017)). Further, the court must admit evidence of criminal convictions, regardless of punishment, for which "establishing the elements of the crime required proving — or the witness's admitting — a dishonest act or false statement." Fed. R. Evid. 609(a)(2). Where more than ten (10) years have passed since the witness' conviction or release from confinement, however, the burden to establish admissibility becomes markedly greater: such convictions are admissible only if their "probative value, supported by specific facts and circumstances, substantially outweighs [their] prejudicial effect," Fed. R. Evid. 609(b)(1), a standard which effectively inverts the Rule 403 balancing test.

### III.     ANALYSIS

#### A. <u>Convictions from the past ten (10) years</u>

The admission of convictions punishable by more than one year of imprisonment is mandatory against a non-defendant witness, subject to Rule 403. Fed. R. Civ. P. 609(a)(1)(A). The court's discretion to exclude such convictions, therefore, extends only to those whose "probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time or needless cumulative evidence." Fed. R.

Evid. 403. For crimes which involve an element of dishonesty or fraud and are therefore "peculiarly probative of credibility," the court has no such discretion. *See* Fed. R. Evid. 609 Advisory Committee's Note (1974); Fed. R. Evid. 609(a)(2). Such convictions must always be admitted. Yet, the court recognizes that "different felonies, even those that do not constitute [*per se* crimes of dishonesty, or] *crimen falsi,* bear on credibility to varying degrees." *United States v. Estrada*, 430 F.3d 606, 616 (2d Cir. 2005). It is therefore necessary to conduct an individualized analysis for each conviction under Rule 609(a)(1), considering, for instance, "which of a witness'[] crimes have elements relevant to veracity and honesty and which do not." *Id*. at 617. Even crimes which do not automatically fall within the special *crimen falsi* provision articulated in Rule 609(a)(2) may still "be highly probative of credibility." *Id*. In this analysis, "theft and escape crimes" tend to be highly probative of credibility, while violent crimes tend to be less so. *Id*. at 617-18. "Similarly high on the [veracity] scale are crimes that involve evasions of responsibility or abuse of trust, a category that includes smuggling or failure to register or report when required." *Id*. at 618 (citing Mueller & Kirkpatrick § 6.31 at 563).

Less than ten (10) years ago, on May 31, 2013, Plaintiff was convicted of two counts of receipt of stolen goods and one count of breach of trust with fraudulent intent.[5] The receipt of stolen goods is generally not considered a *per se* crime of dishonesty under Rule 609(a)(2). *See, e.g., United States v. Foster*, 227 F.3d 1096, 1100 (9th Cir. 2000) (concluding that receipt of stolen

---

[5] The record also indicates that Plaintiff was convicted of grand larceny on March 9, 2012—though a public records search reveals Plaintiff served no time in prison for the conviction. *See* Berkeley County Ninth Judicial Circuit Public Index, available at https://publicindex.sccourts.org/Berkeley/PublicIndex/PISearch.aspx (search by case number I732126, select "Sentencing" tab) (last visited June 20, 2022). For the purposes of Rule 609, this conviction is therefore deemed to be older than ten (10) years as of this Order's date of entry because when a defendant did not serve time in prison, the relevant date under Rule 609(b) is the date of conviction. Fed. R. Evid. 609(b) ("This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later.")

property "may not automatically be considered a crime of dishonesty for purposes of Rule 609(a)(2)" because it will not always be "deceitful"); *United States v. Hourihan*, 66 F.3d 458, 464 (2d Cir. 1995) (considering the admissibility of defendant's prior conviction for receipt of stolen goods under Rule 609(a)(1)).  And while the facts of Plaintiff's convictions are not presented on the record here, they do appear to bear on Plaintiff's truthfulness, especially in light of his repeated prosecutions related to the operation of illegal "chop-shops" taking place over a period of more than thirty (30) years.  The receipt of stolen property in this instance, when considered together with Plaintiff's simultaneous conviction for breach of trust with fraudulent intent arising from the same incident, appears to involve "abuse of trust" and "stealth" such that the conviction should be admitted absent unfair prejudice.  *Estrada*, 430 F.3d at 618-19 ("We find equally persuasive the point that '[m]ore likely, Congress anticipated that crimes of stealth (*e.g.,* smuggling, burglary), while not quite crimes of 'dishonesty or false statement,' do reflect lack of credibility and should be admitted unless significantly prejudicial.")  However, since the convictions arose from the same incident and likely occurred under similar circumstances, the court concludes the admission of the second conviction would likely be unduly prejudicial and cumulative.  *See Chapman v. Willis*, No. 7:12CV00389, 2014 WL 2159344, at *3 (W.D. Va. May 23, 2014) (concluding that "the probative value of the *additional* information of the number of [plaintiff's] felony convictions is substantially outweighed by the risk of unfair prejudice.")

On the other hand, breach of trust with fraudulent intent, a South Carolina crime akin to embezzlement, requires proof that a relationship of trust between the victim and the defendant was breached when the defendant, with intent to deprive or defraud the victim, converted his assets to his personal use.  S.C. Code Ann. § 16-13-230 (2022); *see also State v. McCann*, 166 S.E. 411, 414 (S.C. 1932), ("In other states, the crime, as known to us, is called by different names, such as

7

'larceny after trust,' 'larceny by a bailee,' 'larceny by false pretenses,' and very commonly as 'embezzlement.'"); *State v. Parris*, 611 S.E.2d 501, 503 (S.C. 2005) ("[T]he State must prove the existence of a trust relationship to sustain a charge of breach of trust with fraudulent intent."); *State v. Scott*, 497 S.E.2d 735, 738 (S.C. Ct. App. 1998) (The state must prove the appropriation "was accompanied by a fraudulent intent to destroy the right of the true owner."). A conviction on this ground therefore supplies the requisite inference that Plaintiff acted in a deceitful or fraudulent manner, which is probative of his veracity in the present case.

Since the factual circumstances surrounding these convictions are largely unknown to the court, and because the prejudicial effect of these convictions is unlikely to substantially outweigh their probative value, which goes directly to Plaintiff's truthfulness, Plaintiff's Motion in Limine (ECF No. 80) is **DENIED without prejudice** as to one conviction for receipt of stolen goods and one conviction for breach of trust with fraudulent intent.

### B. Convictions older than ten (10) years

The Federal Rules of Evidence disfavor the admission of convictions which took place more than ten (10) years prior unless their probative value outweighs their prejudicial effect. Fed. R. Evid. 609(b). The rule imposes "a robust presumption against admitting stale convictions," such that "departure from this prohibition is permitted very rarely and only in exceptional circumstances." *Salmons, Inc. v. First Citizens Bank & Tr. Co.*, No. 2:10CV72, 2011 WL 4828838, at *2 (E.D. Va. Oct. 11, 2011) (citing *Bizmark, Inc. v. Kroger Co.,* 994 F. Supp. 726, 728 (W.D. Va.1988) (internal quotations and marks omitted)). It is the burden of the party seeking to admit the evidence to establish the presence of exceptional circumstances by pointing to "specific . . . facts and circumstances that support the probative value of the conviction" weighed

against its prejudicial impact.  *Id*. (quoting *United States v. Beahm*, 664 F.2d 414, 418 (4th Cir. 1981)).  The court is not persuaded that Ahern has overcome this burden here.

Ahern's sole argument pertaining to the admissibility of the stale convictions is that Plaintiff effectively "opened the door" to their disclosure when he misrepresented the extent of his arrest history to his employability assessor Cassandra Townsend and his neuropsychological expert Gordon Teichner.  (ECF No. 86 at 5, 6.)  Ahern has put forth no evidence that Plaintiff made intentional false statements to Ms. Townsend.  While her report did apparently consider Plaintiff's "previous arrests/convictions," it is not clear what specific questions she asked Plaintiff in this regard, and what information she requested he supply.  Moreover, the distinction between arrests and convictions may be unfamiliar to a layperson, especially in a case where substantial evidence points to his diminished literacy and severe learning disabilities.  (*See, e.g.*, ECF No. 87 at 2 (discussing Dr. Teichner's description of Plaintiff's cognitive limitations).)   Defendant's claim that Plaintiff made such misrepresentations intentionally to "enhance his recovery" is far-fetched at best.  (ECF No. 86 at 4.)

Ahern also contends that Dr. Teichner's report accounted only for Plaintiff's most recent conviction for receiving stolen goods, stating that "no other legal history was reported."  (*Id*. at 6.)  But here too, Ahern has made no compelling showing that the factual mistake in the report resulted from Plaintiff's nefarious intent to mislead his own expert.  Further, Dr. Teichner's report focused on Plaintiff's neuropsychological state rather than his history of arrests or employability under other criteria.  Ahern's own argument concedes that it had the opportunity to present Dr. Teichner with a copy of Plaintiff's complete criminal record during his deposition and question him about the effect of this new information on his findings.  (*Id*. at 6-7.)  Ahern is entitled to use this testimony in its case.  But a party's mistakes or unintentional omissions in answering an expert

witness' questions do not unilaterally "open the door" to the introduction of decades-old criminal convictions under Rule 609(b).  Though courts have been willing to admit stale convictions in cases "[w]here a witness' credibility is 'highly relevant' to disputed issues in the case," Ahern has not made the requisite showing that this case involves such rare and exceptional circumstances. *Salmons, Inc.*, No. 2:10CV72, 2011 WL 4828838, at *2 (listing cases and concluding that where the plaintiff's claim depended on its ability to prove that a witness had contradictory oral conversations with the defendant, the witness' twenty-three (23) year old conviction was admissible).  Witness credibility is a critical component of most cases, and here, the court finds no indication that the admission of Plaintiff's stale convictions is "essential" to Ahern's ability to establish its defenses.  The underlying facts of Plaintiff's accident are not in dispute and were observed by several independent witnesses.  (ECF No. 80 at 2.)  While the jury's assessment of Plaintiff's damages will be informed by the credibility of his testimony, this is no different from almost any case in which damages are at issue.  Ahern will be able to attack Plaintiff's credibility through his more recent criminal history as explained *supra*.  The admission of three additional nearly thirty (30) year old convictions and one ten (10) year old conviction for grand larceny is only marginally probative in this case.  Indeed, "[w]hile multiple felony convictions may generally have greater probative value than a single conviction, they also have greater potential for undue prejudice."  *Chapman v. Willis*, No. 7:12CV00389, 2014 WL 2159344, at *2 (W.D. Va. May 23, 2014).  The Admission of Plaintiff's more than ten (10) year old criminal convictions is more prejudicial than probative in this case.  Therefore, Plaintiff's Motion in Limine (ECF No. 80) is **GRANTED** as to any such conviction.

## IV.     CONCLUSION

For the following reasons, the court **GRANTS IN PART and DENIES IN PART** Plaintiff's Motion in Limine (ECF No. 80) to exclude evidence of Plaintiff's criminal record as follows:

- **GRANTED** as to convictions more than ten (10) years old;

- **DENIED without prejudice** as to one conviction for receipt of stolen goods and one conviction for breach of trust with fraudulent intent.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

June 22, 2022
Columbia, South Carolina